1
2
3
4
5
6
7
8
9
10
11
12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ALAN JOSEPH MARQUEZ, | ) | |
|---|---|---|
| Petitioner, | ) | No. C 06-0913 CRB (PR) |
| vs. | ) | ORDER TO SHOW CAUSE |
| MIKE EVANS, Acting Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of San Mateo of inflicting corporal injuries upon a child and a co-habitant, and six counts of misdemeanor child endangerment. On July 23, 2003, he was sentenced to 11 years in state prison.

On February 25, 2005, the California Court of Appeal reversed as to four of the misdemeanor counts and affirmed in all other respects.

On May 11, 2005, the Supreme Court of California denied review.

**DISCUSSION**

A.   <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B.   <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising several claims, including unlawful admission of evidence, insufficiency of the evidence and instructional error. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2.   Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and

serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  June 2, 2006

CHARLES R. BREYER
United States District Judge

3